IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COMMERCIAL RISK REINSURANCE COMPANY | ) ) ) |
| VS. | ) ) ) |
| TEXAS PROPERTY AND CASUALTY INSURANCE GUARANTY ASSOCIATION | ) ) ) |

CIVIL ACTION NO.
3-08-CV-2038-B

DEFENDANT TEXAS PROPERTY AND CASUALTY INSURANCE
GUARANTY ASSOCIATION'S MOTION TO DISMISS FOR
<u>LACK OF SUBJECT MATTER JURISDICTION</u>

TO THE HONORABLE JAYNE J. BOYLE, UNITED STATES DISTRICT JUDGE:

NOW COMES the Texas Property and Casualty Insurance Guaranty Association (the "TPCIGA"), and files this its Motion to Dismiss the Complaint of Commercial Risk Reinsurance Company ("Commercial Risk" or "Plaintiff") for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and in support thereof would respectfully show the Court as follows:

1.  <u>Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction, since under the facts alleged by Plaintiff, there is no justiciable "case or controversy" under Article III of the Constitution of the United States, and no "case of actual controversy" under 28 U.S.C. §2201</u>.

Article III of the United States Constitution gives federal courts the power to determine a case or controversy. U.S Const., Art. III, §2; *Sandoz v. Cingular Wireless, L.L.C.*, 553 F.3d 913 (5th Cir. 2008). Similarly, 28 U.S.C. §2201 confers upon federal courts the power to declare the rights of any interested party in a "case of actual controversy within its jurisdiction." The Fifth Circuit considers these jurisdictional

requirements to be coterminous. *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997). It is the Plaintiff's burden to plead and prove facts which would give rise to subject matter jurisdiction. *State of Texas v. West Publishing Co.*, 882 F.2d 171, 175 (5th Cir. 1989).

To have standing under Article III or the Declaratory Judgment Act, a Plaintiff must meet three requirements:  1) the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent; (2) that there is a causal connection between the injury and the conduct complained of; and (3) that the injury is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).  Based on the factual allegations of Plaintiff's Complaint, none of these requirements exist, or are alleged to exist.

A plaintiff that has not yet sustained an injury can meet the injury in fact requirements of standing under the Declaratory Judgment Act only if facts are alleged from which it appears that there is a substantial likelihood that the Plaintiff will suffer injury in the future.  *Bauer v. State of Texas* 341 F.3d 352 (5th Cir. 2003).  Plaintiff's Complaint is devoid of any allegations that it has or will sustain any sort of injury, let alone any facts indicating that there is a substantial likelihood that it has or will sustain any particular harm.  To the contrary, Plaintiff's Complaint only alleges that it has paid in excess of $700,000 of its $1,000,000 potential liability under its Deductible Payment Indemnity Contract with TIC United Corp.  Plaintiff's Complaint, ¶13.  Plaintiff does not allege any facts indicating that Plaintiff is facing *any* risk, let alone any imminent risk,

that it will expend in excess of $1,000,000 in connection with the defense of the underlying litigation.[1]

Similarly, Plaintiff's Complaint contains no allegations which complain about the conduct of any other party who would have any involvement with the underlying litigation, and it does not describe any actual or threatened conduct on the part of any other party about which Plaintiff could complain now or in the immediate future.[2] Not surprisingly, in the absence of any allegation of injury or complained-of conduct by another, Plaintiff's Complaint wholly fails to allege any causal connection between its non-existent injury and the non-existent and unthreatened future conduct of any other party. Additionally, since Plaintiff has failed to allege that it has sustained any sort of injury or that it is likely to sustain any sort of future injury, there is no actual or imminent injury to Plaintiff that could be redressed by any legal remedy; certainly not by the judicial determination sought by the Plaintiff in its Complaint.

Moreover, even if Plaintiff's Complaint contained any complaints about TPCIGA's actual or threatened conduct, Plaintiff is not a policyholder or third-party liability claimant with standing to assert claims against TPCIGA under the Guaranty Act. TPCIGA's statutory obligations and liability in connection with any claim under a policy issued by an insolvent insurer is limited to the payment of a "covered claim." In the context of a liability claim, the parties who are entitled to assert a claim against TPCIGA for recovery of a "covered claim" are "an insured or a third-party liability claimant."

---

[1] Indeed, Plaintiff could not truthfully make such allegations, since the most recent estimates of defense costs known to TPCIGA indicate that the costs of trial and appeal in the underlying litigation will not exceed $150,000.

[2] To the contrary, the only allegation Plaintiff makes regarding any practical consequence relating to the outcome of the hypothetical and contingent question it is asking the Court to make is contained in Paragraph 14 of the Complaint, where it is alleged that if the Court grants the relief requested by Plaintiff, "TPCIGA would be responsible for any amount required to be paid in defense costs, settlement, and/or judgment…" That allegation clearly does not allege any sort of injury to Plaintiff.

Tex. Ins. Code art. 21.28-C, §5(8).  Plaintiff's Complaint does not allege that Plaintiff has standing to assert claims against TPCIGA by way of subrogation to the rights of an insured or third-party liability claimant, but even if it did, the Guaranty Act specifically precludes insurers, reinsurers, and similar risk-bearing entities from asserting any claims against TPCIGA under the Guaranty Act.  Tex. Ins. Code art. 21.28-C, §5(8) states that: "Covered claim shall not include…any amount due any reinsurer, insurer, insurance pool or underwriting association, as subrogation recoveries, reinsurance recoveries, contribution, indemnification, or otherwise..."  Plaintiff cannot assert claims against TPCIGA on behalf of policyholders or third-party liability claimants, so it lacks standing to assert any claims against TPCIGA.  Therefore, even if Plaintiff included any allegations involving complaints against TPCIGA, Plaintiff does not have standing or authority to assert claims on behalf of any parties who might have standing to recover from TPCIGA under the Guaranty Act.  As a result, it cannot meet the jurisdictional requirements of showing that it has or will sustain an injury in fact.  *Florida Department of Insurance v. Chase Bank of Texas, N.A.*, 274 F.3d 924 (5th Cir. 2001).[3]  Accordingly, Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

    2.    <u>Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction because it fails to allege facts indicating that an actual controversy exists.</u>[4]

Federal courts lack subject matter jurisdiction unless Plaintiff can demonstrate that an "actual controversy" exists between the parties.  *State of Texas v. West Publishing*

---

[3] In *Florida Department of Insurance v. Chase Bank of Texas, N.A.*, the Court dismissed a complaint by the liquidator of an insolvent insurer, because the liquidator did not have standing to assert claims on behalf of policyholders of the insolvent insurer.

[4] These issues involve considerations of standing and ripeness for adjudication.  As the Court noted in *Mississippi State Democratic Party v. Barbour*, 529 F.3d 538, 544-45 (5th Cir. 2008), questions of standing bear close affinity to questions of ripeness, and involve shared requirements that the dispute and the alleged injury be imminent, rather than hypothetical.

*Company*, 882 F.2d 171 (5th Cir. 1989).  This requires that there be a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests.  *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488 (5th Cir. 1986). This requirement is met where the declaratory judgment plaintiff has a real and reasonable apprehension of litigation, and a course of conduct has occurred that brings the plaintiff into adversarial conflict with the defendant.  *West Publishing Co.*, *supra*. at 175.  In order for Plaintiff to show that it has a reasonable apprehension of litigation against TPCIGA, it must be shown that *TPCIGA* has made threats of litigation or otherwise has engaged in a course of conduct indicating that there is an imminent threat of impending legal action.  *West Publishing Co.*, *supra*. at 176.  However, Plaintiff's Complaint is devoid of allegations that TPCIGA has made threats of litigation or otherwise engaged in any conduct that would give rise to any apprehension of litigation, reasonable or otherwise.  Unasserted, unthreatened, and unknown claims cannot furnish a basis for an "actual controversy" that would support the Court's assertion of subject matter jurisdiction.  *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d. 891, 896 (5th Cir. 2000).  A party's mere reservation of legal rights to take an adverse position in the future should certain events occur does not satisfy this jurisdictional requirement.  *Middle South Energy*, *supra*. at 490-91.

Additionally, it is well-settled that subject matter jurisdiction does not exist if a claim rests upon the occurrence of contingent future events that may not occur as anticipated, or which may not occur at all.  *State of Texas v. United States*, 523 U.S. 296, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998); *New Orleans Public Service, Inc. v. Council of New Orleans*, 833 F.2d 583, 586-87 (5th Cir. 1987).  A court should dismiss a case when

the case is abstract or hypothetical. A case is generally ripe for adjudication if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required. *Orix Credit Alliance, Inc., supra.* at 895.

In this case, in the absence of any factual allegations indicating that Plaintiff has paid or will pay a total of $1,000,000 in connection with the underlying litigation, even the events that would give rise to a *potential* controversy about Plaintiff's assertion that it will exhaust its obligations under the Deductible Payment Indemnity Contract with TIC United Corp. are purely hypothetical and contingent. Similarly, Plaintiff fails to allege any facts indicating that a controversy *would* arise between Plaintiff and TPCIGA if those events ever occurred. Additionally, unless those events, as well as other factual developments actually occur, it is a matter of pure speculation whether the declaratory judgment sought by Plaintiff would resolve any potential future dispute between Plaintiff and TPCIGA.[5] Clearly, this case does not involve an actual controversy that is ripe for adjudication.

      3.    <u>This litigation must be dismissed for lack of subject matter jurisdiction because Plaintiff's Complaint fails to allege any facts which would give rise to "related to" bankruptcy jurisdiction under 28 U.S.C. §1334</u>.

Plaintiff's Complaint seeks a declaration of its rights and obligations under an insurance contract entered into between Plaintiff and TIC United Corp. Plaintiff's Complaint fails to identify any federal law that would be applicable to the substantive legal issues, and it appears undisputed that state law is the controlling law applicable to

---

[5] For instance, even if TPCIGA agreed with Plaintiff's interpretation of the limitations of Plaintiff's obligations to TIC United in connection with the underlying litigation, it would be possible for a dispute to arise between Plaintiff and TPCIGA on the basis that Plaintiff incorrectly credited certain payments unrelated to the defense of the underlying litigation toward the satisfaction of its coverage obligations.

any questions of contract law, and particularly so with respect to insurance law, and any issues arising in connection with the respective rights of the parties under Tex. Ins. Code art. 21.28-C.

The only alleged basis for this Court's subject matter jurisdiction is Plaintiff's conclusory allegation that its declaratory judgment claims are somehow "related to" the TIC United Corp. bankruptcy proceeding, so that jurisdiction would be conferred on the Court pursuant to 28 U.S.C. §1334. However, under applicable Fifth Circuit case law which considers the scope of "related to" jurisdiction under 28 U.S.C. §1334, it is necessary to show that the outcome of the litigation could conceivably have any effect on the estate being administered in bankruptcy. *Querner v. Querner*, 7 F.3d 1199 (5th Cir. 1993). As the Court stated in *FDIC v. Majestic Energy Corp. (In re Majestic Energy Corp.)*, 835 F.2d 87, 90 (5th Cir. 1988), a case is related to the bankruptcy "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Plaintiff's Complaint fails to identify how any outcome of the litigation would possibly effect the administration of the TIC United Corp. bankruptcy proceeding. To the contrary, according to Plaintiff's Complaint, *TPCIGA and Plaintiff* are the only parties who will be affected by the declaratory judgment sought by Plaintiff. Plaintiff's Complaint, ¶14. If Plaintiff had any basis for believing that TIC United Corporation's interests would be affected by the outcome of this litigation, it would have joined TIC United Corp. as a party to the case.

Because disputes between third parties usually do not have an impact on the rights of debtors in bankruptcy, the Fifth Circuit has observed that a vast majority of the cases

find that "related to" jurisdiction is lacking with respect to third-party complaints. *In re Walker,* 51 F.3d 562 (5th Cir. 1995).  Cases involving coverage disputes between insurers generally fall into the vast majority of cases finding that no jurisdiction exists under 28 U.S.C. §1334 with respect to such disputes.  *See*, e.g.; *Liberty Mutual Insurance Co. v. Lone Star Industries, Inc.*, 313 B.R. 9 (D. Conn. 2004).[6]

In this case, regardless of the outcome of the question presented by Plaintiff, the issue of which of two third parties will be obligated to pay certain portions of the defense costs in the underlying liability litigation will have no effect on the TIC United Corp. bankruptcy proceeding.  It makes no difference to the administration of the TIC United Corp. bankruptcy what determination is made with respect to which of two third parties pays the defense costs, or in what proportion those costs are paid.  Significantly, Plaintiff's Complaint fails to allege any facts to the contrary.[7]  Therefore, even if Plaintiff's Complaint could satisfy the Constitutional and statutory "case or controversy" and "actual controversy" requirements of the Declaratory Judgment Act, this case must be dismissed for lack of subject matter jurisdiction because it fails to allege any facts which would invoke this Court's subject matter jurisdiction under any federal law, including but not limited to 28 U.S.C. §1334.[8]

WHEREFORE, TPCIGA requests that the Court enter an order dismissing this

---

[6] TPCIGA is not an insurer, but it has a statutory obligation to pay certain claims and discharge certain contractual obligations under policies issued by impaired insurers.

[7] The proofs of claim filed in the TIC United Corp. bankruptcy by the Plaintiffs in the underlying liability litigation were disallowed and expunged as claims against the bankruptcy estate in an Order signed on August 29, 2005.  Accordingly, if Plaintiff had made factual allegations to the effect that the TIC United Corp. bankruptcy estate could be affected by the outcome of the hypothetical issue presented for determination in this case, such allegations would have been false.

[8] For the same reasons, this Court is not a proper venue under 28 U.S.C. §1409, but because the Court lacks subject matter jurisdiction, the case should be dismissed rather than transferred to a federal court in a different district.

case for lack of subject matter jurisdiction.

    Respectfully submitted,

    LAW OFFICE OF DANIEL JORDAN
    A Professional Corporation
    4807 Spicewood Springs Road
    Building One, Suite 1220
    Austin, Texas 78759
    (512) 482-9400
    (512) 482-0515 FAX
    E-mail:  dwj@danieljordanlaw.com

    By: /s/ Daniel Jordan
        Daniel Jordan
        State Bar No. 11006900

    Kirk P. Willis
    State Bar No. 21648500
    E-mail:  willis@gsfpc.com
    Michael C. Lawrence
    State Bar No. 00784453
    E-mail: Lawrence@gsfpc.com
    GUIDA, SLAVICH & FLORES, P.C.
    750 North St. Paul Street, Suite 200
    Dallas, Texas 75201
    (214) 692-0009
    (214) 692-6600 FAX

    ATTORNEYS FOR DEFENDANT
    TEXAS PROPERTY AND CASUALTY
    INSURANCE GUARANTY
    ASSOCIATION

- 10 -

## CERTIFICATE OF SERVICE

      This certifies that a true and correct copy of the foregoing Motion to Dismiss for Lack of Subject Matter Jurisdiction has been delivered to Mr. James M. Garner, Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC, 909 Poydras St., Suite 2800, New Orleans, LA 70112, by ECF filing, in accordance with the Federal Rules of Civil Procedure, on this 12th day of March, 2009.

                                        /s/ Daniel Jordan
                                        Daniel Jordan